**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHIHULY, INC., | |
| Plaintiff, | |
| v. | Case No. 18-cv-6365 |
| ECHT GALLERY CHICAGO, LLC, ECHT GALLERY INC., KAREN ECHT, | Honorable Judge Jorge L. Alonso |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Chihuly, Inc. ("Chihuly") seeks a default judgment, including damages, costs, and attorneys' fees, against Defendants Echt Gallery Chicago, LLC ("EGC"), Echt Gallery, Inc. ("EG") and Karen Echt ("Echt" and together with EGC and EG, "Defendants") arising from Defendants' failure to pay amounts due under certain promissory notes, fraudulent misrepresentations to Chihuly and its clients, and the unauthorized reproduction of Chihuly's copyrighted works of art. This motion is supported by the attached Declaration of Keith Klein (Ex. A, "Klein Decl.") and Declaration of Shannon McCarthy (Ex. B, "McCarthy Decl.").

**STATEMENT OF FACTS**

**A.     Defendants Sell Artwork on Chihuly's Behalf**

Dale Chihuly is a world-renowned artist and glass sculptor who led the development of glass blowing as a fine art. In 1985, Mr. Chihuly established Chihuly, a Washington corporation, through which Mr. Chihuly operates his art business and sells his original artwork. Compl. ¶ 20. One way that Chihuly sells artwork is by entering into individual agreements with fine art

galleries around the world, including Echt Gallery in Chicago, which is owned and controlled by Echt through various corporate entities, including EG and EGC. *Id.* ¶¶ 23-24.

**B.      Defendants Fail to Make Payments on Promissory Notes**

Echt Gallery sold Chihuly artwork to clients and accepted payment in full for the artwork but refused to remit those payments to Chihuly, as required under its agreements with Chihuly. *Id.* ¶ 32. As a result, Echt Gallery became indebted to Chihuly in the amount of $187,000.00. *Id.* Unable to pay that debt, Echt and EGC entered into a series of promissory notes and security agreements with Chihuly. Currently, the debt is represented by three outstanding promissory notes dated May 1, 2016: (1) a note between Echt Gallery, LLC[1] and Echt, as makers, in favor of Chihuly, as holder, in the principal sum of $101,859.21 (the "First 2016 Note"); (2) a note between Echt Gallery, LLC[2] and Echt, as makers, in favor of Chihuly, as holder, in the principal sum of $109,296.25 (the "Second 2016 Note"); and (3) a note between Echt Gallery, LLC[3] and Echt, as makers, in favor of Chihuly Workshop, Inc.,[4] as holder, in the principal sum of $20,449.60 (the "Third 2016 Note" and together with the First 2016 Note and Second 2016 Note, the "2016 Notes"). *Id.* ¶¶ 37, 39, 41, Exs. F-H. EGC and Echt have failed to make the required monthly payments totaling $2,500 under the 2016 Notes from at least June 20, 2018 through the present. *Id.* ¶ 100. On July 18, 2018, Chihuly sent a letter to EGC and Echt (the "Notice of Default") formally notifying Defendants in writing that, among other things, they are in default

---

[1] The parties, due to a mutual mistake, incorrectly listed "Echt Gallery, an Illinois limited liability company," which does not exist, as one of the makers of the First 2016 Note rather than EGC. Defendants and Chihuly intended and understood that the First 2016 Note would each be made by and bind EGC, not the non-existent Echt Gallery, LLC. Compl. ¶ 108.

[2] The parties again incorrectly listed Echt Gallery, LLC as the maker in the Second 2016 Note instead of EGC as the parties intended. Compl. ¶ 108.

[3] The parties again incorrectly listed Echt Gallery, LLC as the maker in the Second 2016 Note instead of EGC as the parties intended. Compl. ¶ 108.

[4] Chihuly is the successor-in-interest by merger of Chihuly Workshop, Inc. Compl. ¶¶ 5, 107

of their obligations under the 2016 Notes. *Id.* ¶ 101. EGC and Echt failed to cure the defaults by August 18, 2018 or otherwise respond to the Notice of Default. *Id.* ¶ 103.

### C. Echt Makes Fraudulent Misrepresentations to Chihuly and Its Clients Regarding the Sale, Delivery, and Installation of Chihuly Artwork

On May 31, 2016, Chihuly entered into an Independent Referral Agreement with Echt Gallery, LLC (the "2016 Referral Agreement"), which permitted Echt Gallery to act as a non-exclusive independent referral agent for the limited purpose of referring sales of Chihuly artwork to clients identified by Echt Gallery. *Id.* ¶ 46 & Ex. J.

### 1. 2016 Amber Jade Herons Purchase and Installation

On August 19, 2016, Chihuly entered into the Chihuly Artwork Purchase and Installation Agreement with Echt Gallery, LLC (the "Purchase Agreement") for the purchase and installation of Chihuly artwork titled "Amber Jade Herons" for a client. *Id.* ¶ 48. The Purchase Agreement required EGC to pay $60,000 to Chihuly (the price of the artwork less EGC's commission), with the first installment of $30,000 due upon signing the Purchase Agreement, and the second installment of $30,000 due "upon substantial completion of the installation of the Artwork at the Site." *Id.* ¶¶ 49-50. The Purchase Agreement also required EGC to pay the shipping costs for the Amber Jade Herons. Compl., Ex. K at § 3.5. While Echt made the first $30,000 payment to Chihuly, she failed to make the second $30,000 payment when she installed the artwork for the client in December 2016. Compl. ¶¶ 52-53, 61, 68. Instead, when Chihuly inquired about the status of the installation, Echt intentionally and repeatedly lied to Chihuly over a period of nine months to avoid making the final payment EGC owed under the Purchase Agreement. *Id.* ¶ 63-67. To date, Defendants have still not paid the final $30,000 payment and $863 in shipping costs owed to Chihuly. *Id.* ¶ 71.

- 3 -

## 2. 2018 Rotolo and Editions Purchase

On December 15, 2017, Chihuly entered into an Independent Referral Agreement with Echt Gallery, LLC[5] (the "2017 Referral Agreement"), which permitted Echt Gallery to act as a non-exclusive independent referral agent for the limited purpose of referring sales of Chihuly artwork to clients identified by Echt Gallery. *Id*. ¶ 72, Ex. M. Pursuant to the 2017 Referral Agreement, on or about January 9, 2018, Echt referred to Chihuly the sale of a Rotolo glass sculpture and four Studio Edition glass sculptures (the "Rotolo Purchase") for a total purchase price of $127,280. *Id*. ¶ 73, Ex. N. Under the 2017 Referral Agreement, EGC was to pay $119,880 (the purchase price and tax less EGC's commission). *Id*. ¶¶ 73-74. On or about January 16, 2018, the purchaser paid the full purchase price of $127,280 for the Rotolo Purchase to Echt Gallery by check dated January 16, 2018. *Id*. ¶ 76, Ex. P.

When Chihuly inquired about the status of the payment, Echt replied only by saying: "Invoice/paperwork went out! I will keep you updated," despite the fact that she had already received full payment from the client. *Id*. ¶¶ 78-79. Because Echt had not informed Chihuly of the buyer's payment or remitted the $119,880 EGC owed to Chihuly, Chihuly did not ship the artwork to the buyer. *Id*. ¶ 80. Chihuly informed Echt that it would not release the artwork until it received payment. *Id*. ¶ 81. Nonetheless, Echt made a series of misrepresentations to the client indicating that the artwork would be shipped and that delays in receiving it were due to delays by Chihuly. *Id*. ¶¶ 82-90. Chihuly only realized that payment had been made to Echt Gallery when, nearly four months later, the buyer contacted Chihuly directly to inquire about the artwork. *Id*. ¶¶ 91-92. Upon confirmation that the client had paid Echt Gallery the purchase price for the Rotolo Purchase, Chihuly immediately arranged for shipment of the artwork to the

---

[5] The parties incorrectly listed Echt Gallery, LLC in the 2017 Referral Agreement instead of EGC as the parties intended.

client, despite not receiving payment from Echt or EGC. *Id.* ¶ 94. Echt has made $70,000 in partial payments but has still failed to pay the full balance owed to Chihuly for the Rotolo Purchase. *Id.* ¶¶ 95-99.

###### D. Defendants Reproduce, Distribute, and Publicly Display Chihuly's Copyrighted Work

Chihuly is the copyright holder of certain sculptures, other artwork, and professional photographs of Chihuly artwork (the "Copyrighted Work"). *Id.* ¶ 149. In addition to rights under copyright law, Chihuly protected its work in its agreements with Defendants by expressly retaining intellectual property rights to the Copyrighted Work and by requiring Defendants to obtain advance written approval from Chihuly for any commercial or advertising use of the Copyrighted Work. *Id.* ¶¶ 150-154. Despite these restrictions, Defendants have infringed Chihuly's copyright by posting Chihuly's Copyrighted Work to the Echt Galley Facebook page for advertising and promotional purposes without the advanced written consent of Chihuly. *Id.* ¶ 155, Ex. R. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Chihuly's rights. *Id.* ¶ 157.

###### E. Procedural History

On September 18, 2018, Chihuly filed its Complaint against Defendants to collect all amounts due and owing to Chihuly under the 2016 Notes and recover additional damages caused by Defendants' fraudulent and unlawful conduct. Dkt. 1; Klein Decl. ¶ 1. On September 21, 2018, each Defendant was served with a copy of the Summons and Complaint, as reflected by the proofs of service filed in this case on September 25, 2018. Dkt. 11-13; Klein Decl. ¶¶ 4-5. Defendants were required to file a responsive pleading on or before October 12, 2018. Dkt. 11-13; Klein Decl. ¶ 6. As of the date of this filing, Defendants have failed to file a responsive pleading or otherwise defend this action, as required by the Summonses and Federal Rules of

- 5 -

Civil Procedure. Klein Decl. ¶ 7. Chihuly filed a Request for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) on October 30, 2018. Dkt. 14; Klein Decl. ¶ 9.

LAW AND ANALYSIS

### A.    Default Judgment Standard

"On a motion for default judgment, a court takes all well-pleaded allegations as to liability as true." *Envirogen Techs., Inc. v. Maxim Constr. Corp., Inc.*, 14 C 2090, 2016 WL 5720380, at *1 (N.D. Ill. Sept. 30, 2016) (citing *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). Thus, to find a defaulting defendant liable, a court need only determine that the facts alleged state a claim for relief. *See Cont'l Cas. Co. v. Mohatare*, 11 C 2751, 2012 WL 4830419, at *1 (N.D. Ill. Oct. 10, 2012). While Federal Rule of Civil Procedure 55(b)(2) permits the Court to hold a hearing on damages, where, as here, "the available evidence permits a court to establish damages, a hearing need not be held" and damages may be decided on the documentary evidence and affidavits submitted. *Norfolk & W. Ry. Co. v. Cent. States Trucking Co.*, 97 C 3642, 1998 WL 26175, at *3 (N.D. Ill. Jan. 15, 1998); *see also Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) (holding that a post-default evidentiary hearing on damages is not necessary where the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.").

### B.    The Court Has Jurisdiction Over This Action and Venue is Proper

#### 1.    Subject Matter Jurisdiction

Chihuly is a corporation organized under the laws of the State of Washington, with its principal place of business in Seattle, Washington. Compl. ¶ 5. Echt is an individual who resides in and is domiciled in Highland Park, Illinois. *Id.* ¶ 8. EGC is a limited liability

- 6 -

company organized under the laws of the State of Illinois with a principal place of business in Chicago, Illinois. *Id.* ¶ 6. EGC's manager and member is Karen Echt, an Illinois citizen. *Id.* EG is a corporation organized under the laws of the State of Illinois with a principal place of business in Chicago, Illinois. *Id.* ¶ 7. Thus, because Chihuly is a citizen of the State of Washington and Defendants are all citizens of the State of Illinois, and the damages sought by Chihuly exceed $75,000 exclusive of interests and costs, this Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). This Court also has exclusive subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it concerns a claim relating to copyright infringement.

### 2. Personal Jurisdiction

This Court has general personal jurisdiction over each of Defendants because Echt is domiciled in Illinois and EG and EGC are incorporated and have their principal places of business in Illinois. Compl. ¶¶ 6-8; *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; . . . [w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction." (internal quotations omitted)); *Finn v. Great Plains Lending, LLC*, CV 15-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) (holding that the "the reasoning of *Daimler* applies with equal force" that LLCs, as well as corporations, are subject to general personal jurisdiction in their place of incorporation and principal place of business). This Court also has specific personal jurisdiction over each of Defendants because these claims arise out of sufficient minimum contacts with the State of Illinois, including sales made from the Echt Gallery, which is located in Chicago, Illinois. Compl. ¶¶ 23, 31. Personal jurisdiction is also proper over Echt because she was physically

- 7 -

present in Illinois when she was served. *See Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 628 (1990).

### 3. Venue

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in the Northern District of Illinois. *See* Compl. ¶¶ 6-8; 28 U.S.C. § 1391(c)(2) (noting that an entity with the capacity to sue and be sued shall be deemed to reside any judicial district in which it is subject to the court's personal jurisdiction). Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claim, including the sale of artwork from the Echt Gallery, occurred in this district.

### C. Defendants Were Properly Served with the Summons and Complaint

On September 21, 2018, each Defendant was served with a copy of the Summons and Complaint in this action, as reflected by the proofs of service filed in this case on September 25, 2018. Dkt. 11-13; Klein Decl. ¶¶ 5-6. Where, as here, "a process server has completed an affidavit attesting to personal service of a complaint, there is a presumption that service was effected" that can be overcome "only by strong and convincing evidence." *Peralta v. El Tiburon, Inc.*, 252 F. Supp. 3d 658, 661 (N.D. Ill. 2017) (internal quotations omitted). No such evidence exists.

### D. Karen Echt is Not a Minor, Incompetent, or in Military Service

Karen Echt is not a minor, incompetent or in military service as defined in 50 U.S.C § 3911(2). Klein Decl. ¶¶ 9-11. Accordingly, a default judgment may be entered pursuant to 50 U.S.C § 3931(b) and Federal Rule of Civil Procedure 55(b)(2).

### E. Chihuly Is Entitled to Default Judgment

As noted above, on a motion for default judgment, a court takes all well-pleaded allegations as to liability as true. *Envirogen Techs.,* 2016 WL 5720380, at *1. Chihuly has

- 8 -

properly pleaded the elements of each of its claims in the Complaint,[6] and judgment should be entered jointly and severally against Defendants.

### 1.    Count I - Breach of Contract - Promissory Notes

Each of the 2016 Notes is governed by Washington law. *See* Compl. ¶ 10, Exs. F-H. Under Washington Law, to prevail on a breach of contract claim, the plaintiff must show that (1) a valid agreement existed between the parties, (2) the agreement was breached, and (3) the plaintiff was damaged. *Univ. of Washington v. Gov't Employees Ins. Co.*, 404 P.3d 559, 566 (Wash. App. 2017). Here, Chihuly has properly pleaded that Echt and EGC entered into the 2016 Notes with Chihuly[7] and that the 2016 Notes constituted valid agreements (Element 1). Compl. ¶¶ 37-42, 106. Echt and EGC then breached the agreement by failing to timely make the payments due under the 2016 and failing to cure their breach after receiving the Notice of Default (Element 2). *Id.* ¶¶ 100-103. And Chihuly has been damaged by Echt's and EGC's material breaches in failing to pay the amounts due under the 2016 Notes because it has been denied the money it is owed under those notes (Element 3). *Id.* ¶¶ 112, 116.

The fact that the 2016 Notes incorrectly list "Echt Gallery, an Illinois limited liability company" instead of EGC as one of the makers (Echt is the other maker for each of the 2016 Notes) does not prevent enforcement of the 2016 Notes. Washington law permits a promissory note to be reformed for mutual mistake "when necessary to conform a writing to correctly reflect

---

[6] While Chihuly also properly pleaded the elements of its Fifth Count for unjust enrichment, that count was pleaded in the alternative to Chihuly's breach of contract claim. Because the allegations in the Complaint establish that Defendants breached their contracts with Chihuly, the unjust enrichment claim is not addressed below. Additionally, while Chihuly has properly pleaded that it has a perfected Security interest in the personal property of EGC, Chihuly exercises its non-exclusive remedy under Article 9 of the UCC to "reduce [its] claim to judgment" and enforce its security interest in supplementary proceedings. 810 ILCS 5/9-601(a)(1).
[7] The Third 2016 Note lists Chihuly Workshop, Inc. as the Holder of the note. However, Chihuly is the successor-in-interest by merger of Chihuly Workshop, Inc. Compl. ¶¶ 5, 107

the agreement of the parties." *St. Regis Paper Co. v. Wicklund*, 93 Wash. 2d 497, 502, 610 P.2d 903, 905 (1980) (granting remedy of reformation of promissory note to reflect that the parties intended a corporation to be bound rather than the agent signing the note). It was always the intention of the parties that the makers of the 2016 Notes would be Echt and EGC. Compl. ¶¶ 37, 39, 41, 109. Accordingly, the 2016 Notes should be reformed to reflect that their makers are Echt and EGC, and judgment should be entered against Defendants on Chihuly's first count for breach of contract.

### 2. Count II - Fraud (2016 Amber Jade Herons Purchase and Installation)

A plaintiff bringing a fraud claim must establish: "(1) that there was a false statement of material fact, (2) that the defendant knew the statement was false, (3) that the defendant intended that the statement induce the plaintiff to act, (4) that the plaintiff relied upon the truth of the statement, and (5) that the plaintiff suffered damages as a result of the reliance on the statement." *Rush Univ. Med. Ctr. v. Draeger, Inc.*, 17 C 6043, 2017 WL 5505021, at *3 (N.D. Ill. Nov. 16, 2017) (applying Illinois law) (internal quotations omitted). Each of these elements is properly pleaded in Chihuly's Complaint with respect to the purchase and installation of Chihuly's Amber Jade Herons piece:

(1) Echt, acting for herself and as an agent for EG and EGC, repeatedly made false statements that the Amber Jade Herons artwork had not been installed in the purchaser's home when, in fact it had been, Compl. ¶¶ 54, 60-67, 120;

(2) Echt knew the misrepresentations regarding the installation of the Amber Jade Herons were untrue, *id.* ¶ 120;

(3) Echt intended that her statements would induce Chihuly to rely on them by not immediately seeking the payment it was owed, *id.*;

- 10 -

(4) Chihuly relied on Echt's misrepresentation by delaying and forbearing its contractual right to demand immediate payment from Echt, *id.* ¶ 122; and

(5) Chihuly was damaged by its reliance on Defendants' misrepresentation in that it was denied the use of the $30,863 owed by Defendants, which it still has not received, *id* ¶ 123.

### 3.    Count III - Fraud (Rotolo Purchase)

The elements of fraud have also been properly pleaded with respect to the Rotolo Purchase. "Even in the absence of a confidential relationship, fraud may be based on a failure to disclose, which together with an affirmative statement or act is misleading, and although a statement may be technically true, it may nevertheless be fraudulent where it omits necessary qualifying material." *Gen. Motors Acceptance Corp. v. Cent. Nat. Bank of Mattoon*, 773 F.2d 771, 778 (7th Cir. 1985) (applying Illinois law) (internal citations omitted). With respect to the Rotolo Purchase, when Chihuly inquired about the status of the payment owed, Echt replied only by saying: "Invoice/paperwork went out! I will keep you updated," despite knowing she had already received full payment from the client that she was required to remit over to Chihuly. Compl. ¶¶ 78-79. Echt's affirmative statement that she would keep Chihuly updated as to the status of payment of the invoice when she knew the invoice had already been paid by the buyer, was fraudulent and misleading because it omitted necessary information, thus satisfying the first element for a fraud claim.

Chihuly has properly pleaded the remaining elements of fraud with respect to the Rotolo Purchase:

(2) Echt, on behalf of herself and as a representative of EG and EGC, knew her misrepresentations regarding the payment for, and shipment and delivery of, the Rotolo Purchase were untrue, *id.* ¶ 129;

- 11 -

141806634.5

(3) Echt intended Chihuly to rely on the statements by not immediately seeking payments owed to it for the Rotolo Purchase so she could keep the funds for her own use, *id.*;

(4) Chihuly did rely on those misrepresentations by delaying delivery of the artwork and not seeking immediate payment from Defendants, *id.* ¶ 131; and

(5) Chihuly has been damaged by its reliance on Defendants' misrepresentation because it was denied the use of the payment owed to it by Defendants and because the delay in shipping the Rotolo Purchase artwork damaged its reputation and relationship with the buyer, *id.* ¶¶ 132-133.

### 4.     Count VI - Copyright Infringement

"To establish copyright infringement, one must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Violation of any of the exclusive rights of the copyright owner constitutes infringement. 17 U.S.C. § 501(a). These exclusive rights include the right to reproduce the work, the right to prepare derivative works based on the work, the right to distribute copies of the work to the public, and the right to display the work publicly. 17 U.S.C. § 106(1)-(3) & (5).

Here, Chihuly has properly pleaded that it is the copyright owner of the Copyrighted Work. Compl. ¶ 149; *see Bracken v. Rosenthal*, 151 F. 136, 137 (C.C.N.D. Ill. 1907) (recognizing that a photograph of a statue may infringe on a copyright in the statue). Defendants reproduced, distributed, and publicly displayed the Copyrighted Work by posting it on the Echt Gallery Facebook page. Compl. ¶ 155, Ex. R; *see Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distributors*, 983 F. Supp. 1167, 1173 (N.D. Ill. 1997) (holding that downloading copies of images and posting them on a website constituted unauthorized reproduction of the image).

- 12 -

Accordingly, judgment should be entered against Defendants and in Chihuly's favor on Count VI - Copyright Infringement.

### 5.    Count VII - Alter Ego/Piercing the Corporate Veil

Illinois applies a two-part test to pierce the corporate veil: "first, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and second, circumstances must be such that an adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Gallagher v. Reconco Builders, Inc.*, 415 N.E.2d 560, 563–64 (Ill. App. Ct. 1980). Factors considered in determining whether the test is met include: "[1] inadequate capitalization, [2] failure to issue stock, [3] failure to observe corporate formalities, [4] nonpayment of dividends, [5] insolvency of the debtor corporation at the time [of incurring the debt to the plaintiff], [6] non-functioning of other officers or directors [in addition to the individual shareholder sought to be charged with liability], [7] absence of corporate records and [8] whether in fact the corporation is only a mere facade for the operation of the dominant stockholders." *Id.* at 564.

Chihuly has pleaded that Echt exercised complete control and domination of the finances, policy, and business practices of EG and EGC, that EG and EGC are inadequately capitalized, fail to observe corporate formalities, operate as a mere façade for Echt's personal business, and fail to maintain separate accounts, and that Echt has siphoned funds from EG and EGC for her own personal uses and expenses, including the $30,863 owed under the Purchase Agreement, the payment owed for the Rotolo Purchase, and the more than $200,000 owed under the 2016 Notes. Compl. ¶¶ 27-30, 161-165. Additionally, it appears that Echt is the sole ower of EG and sole member of EGC. *See id.* ¶¶ 25-26. Considering the unity of ownership between Echt, EG, and EGC and their failure to observe corporate informalities, it would be unjust to permit Echt to

- 13 -

hide any assets in EG or EGC. Accordingly, judgment for the above claims should be entered against all Defendants, jointly and severally.

### F.     Chihuly is Entitled to Monetary Damages

#### 1.     Promissory Notes

The 2016 Notes, on their face, show that they are in principal amounts of $101,859.21, $109,296.25, and $20,449.60, respectively. Exs. F-H to Compl. They each also provide for 8% interest per annum and 12% interest per annum after default. *Id.* § 2. Accounting for payments made and interest accrued on the 2016 Notes as of November 9, 2018, Defendants owe Chihuly a total of $213,133.63. McCarthy Decl. ¶ 3, Ex. 1. The Court should award Chihuly $213,133.63 in damages for Defendants' breach of the 2016 Notes.

#### 2.     Fraud

Chihuly relied on Defendants' misrepresentation regarding the installation of the Amber Jade Herons by delaying and forbearing its contractual right to demand immediate payment from Defendants of $30,863 under Section 3.4 of the Purchase Agreement. Comp. ¶ 122. Chihuly has been damaged by its reliance on Defendants' misrepresentations in that it was denied the use of the $30,863 owed by Defendants under the Purchase Agreement, which it still has not received, due to Defendants' fraudulent misrepresentations about the installation of the Amber Jade Herons artwork—the event that triggers payment of the second $30,000 installment under the Purchase Agreement. McCarthy Decl. ¶ 5.

Chihuly relied on Defendants' misrepresentation regarding payment for the Rotolo Purchase by not seeking immediate payment of $119,880 for the Rotolo Purchase from Defendants and by delaying delivery of the Rotolo artwork to the client. Compl. ¶ 131. Chihuly has been damaged by its reliance on Defendants' misrepresentations regarding the Rotolo

- 14 -

Purchase because it has been denied the use of the monies owed to it. *Id.* ¶ 132. While Defendants have since made partial payments on account of the Rotolo Purchase, $49,880 remains outstanding. McCarthy Decl. ¶¶ 6-9.

Accordingly, the Court should award Chihuly $80,743 in damages for Defendants' fraud.

### 3. Attorneys' Fees and Costs

The 2016 Notes permit Chihuly to recover "all costs incurred . . . in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought" and permits a prevailing party in any action to enforce the 2016 Notes to recover "reasonable attorneys' fees and costs incurred in the proceeding." Compl. ¶ 7, Exs. F-H. Furthermore, Chihuly may recover attorneys' fees under 17 U.S.C. § 505 because it has demonstrated copyright infringement by Defendants. *See Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1366 (S.D.N.Y. 1991) ("an award of nominal damages does not preclude the plaintiff from being the prevailing party" for the purpose of 17 U.S.C § 505 if copyright infringement is established). Accordingly, Chihuly will move for an award of costs and attorneys' fees within the time set forth under Rule 54(d) of the Federal Rules of Civil Procedure. *See Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995) ("A claim for attorneys' fees . . . cannot be quantified until the entry of final judgment.").

## CONCLUSION

For the reasons stated above, Chihuly respectfully requests that Chihuly's Motion for Default Judgment be granted and that judgment be granted in favor of Plaintiff Chihuly, Inc. and against Defendants Echt Gallery Chicago, LLC, Echt Gallery Inc., and Karen Echt, jointly and severally, in the total amount of $293,876.63 for compensatory damages, plus post-judgment interest, costs, and an award of attorneys' fees.

141806634.5

Dated November 13, 2018

Respectfully Submitted,

**CHIHULY, INC.**

/s/ Keith G. Klein
One of its Attorneys

Eric E. Walker (ARDC # 6290993)
Keith G. Klein (ARDC # 6313251)
PERKINS COIE LLP
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
Email: ewalker@perkinscoie.com
       kklein@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF**

- 16 -

141806634.5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** was served upon all parties this 13th day of November, 2018, by causing it to be sent via email to Karen F. Echt at echtkaren@mac.com and via regular U.S. Mail, postage prepaid, from 131 South Dearborn Street Suite No. 1700, Chicago, Illinois 60603, to each Defendant's last known address as set forth below:

Karen F. Echt
1040 Chaucer Lane
Highland Park, Illinois 60035

Echt Gallery Inc.
c/o Karen F. Echt
1040 Chaucer Lane
Highland Park, Illinois 60035

Echt Gallery Chicago, LLC
Registered Agent: Kenneth H. Brown
600 Central Avenue
Suite No. 325
Highland Park, Illinois 60035

/s/ Keith G. Klein
One of the Attorneys for Plaintiff

141806634.5