IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHIHULY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECHT GALLERY CHICAGO, LLC, ECHT GALLERY INC., KAREN ECHT, <br><br> Defendants. | Case No. 18-cv-6365 <br><br> Honorable Judge Jorge L. Alonso |

## ORDER FOR ENTRY OF DEFAULT JUDGMENT

This matter coming before the Court on Plaintiff Chihuly Inc.'s Motion for Default Judgment (Dkt. 15) and the Court having considered the Motion, the accompany Memorandum in Support, affidavits, and exhibits, the filings and record in this case, and the arguments of counsel, it is hereby **ORDERED** that the motion is **GRANTED**. The Court makes the following findings:

1. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

2. The Court has general personal jurisdiction over Defendant Karen Echt because she is a citizen of and domiciled in the State of Illinois.

3. The Court has general personal jurisdiction over Defendants Echt Gallery Chicago, LLC and Echt Gallery, Inc. because they have their principal places of business in, are citizens of, and carry on a continuous and systematic business in the State of Illinois, such that they should reasonably expect to be sued in court within the State of Illinois.

4. The Court also has specific personal jurisdiction over each of the Defendants because the claims in Plaintiff's Complaint arise out of sufficient minimum contacts with the State of Illinois, including sales to Illinois customers.

5. Venue for this action is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims at issue occurred in the Northern District of Illinois.

6. Defendants were properly served with the Summons and Complaint in this action on September 21, 2018 (Dkt. 11-13). Thus, under Rule 12, they were required to file a responsive pleading by October 12, 2018.

7. Defendants failed to appear or other otherwise respond to the Complaint by October 12, 2018.

- 2 -

     8.     On October 30, 2018, Plaintiff filed a Request for Clerk's Entry of Default (Dkt. 14). On November 13, 2018, Plaintiff filed its Motion for Default Judgment, providing proper service to Defendants' last known addresses (Dkt. 15).

     9.     On November 20, 2018, the Court continued the hearing on this Motion for Default Judgment for three weeks, until December 11, 2018, to give Defendants additional time to appear (Dkt. 18). Copies of the Motion for Default Judgment were again served on Defendants' last known addresses (Dkt. 19).

     10.     Defendants have, to date, failed to appear or other otherwise respond to the Complaint.

     11.     "On a motion for default judgment, a court takes all well-pleaded allegations as to liability as true." *Envirogen Techs., Inc. v. Maxim Constr. Corp., Inc.*, 14 C 2090, 2016 WL 5720380, at *1 (N.D. Ill. Sept. 30, 2016) (citing *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)).

     12.     Plaintiff has properly pleaded claims for Breach of Contract (Count I), Fraud (Counts II and III), Copyright Infringement (Count VI), and Piercing the Corporate Veil (Count VII). In particular, Plaintiff has properly pleaded that it was damaged by Defendants' fraudulent misrepresentations and omissions related to the installation of and payment for certain artwork.

     13.     Plaintiff has adequately proven its damages through affidavits and exhibits attached to its Complaint and Memorandum in Support of Motion for Default judgment. Thus, no hearing on damages is necessary.

     **THEREFORE**, pursuant to Federal Rule of Civil Procedure 55(b), judgment is entered in favor of Plaintiff Chihuly, Inc. and against Defendants Echt Gallery Chicago, LLC, Echt Gallery, Inc., and Karen Echt as follows:

     1.     Defendants, jointly and severally, are ordered to pay Plaintiff of $293,876.63 in compensatory damages

     2.     Defendants are ordered to pay Plaintiff's reasonable costs and attorneys' fees. Plaintiff is directed to file a bill of costs within 30 calendar days and a fee motion within 91 calendar days of the entry of this Order in accordance with Federal Rule of Civil Procedure 54 and Northern District of Illinois Local Rules 54.1 and 54.3.

     3.     Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of this Order pursuant to 28 U.S.C. § 1961.

142379940.2

- 3 -

ENTERED:



12/11/18

_____
Jorge L. Alonso
United States District Judge